# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA,

                                        Plaintiff,

-vs-                                                    DECISION & ORDER

$10,300.00 UNITED STATES CURRENCY AND THE             10-CV-6103-CJS
MONIES AND THE CONTENTS OF ESL FEDERAL
CREDIT UNION ACCOUNT #71705-13012 IN THE
NAME OF THOMAS CONOLLY AND IN THE AP-
PROXIMATE AMOUNT OF $15,232.00 UNITED
STATES CURRENCY,

                                        Defendant.

---

## APPEARANCES

For Plaintiff:                      Grace M. Carducci, A.U.S.A.
                                    United States Attorney's Office
                                    100 State Street, Fifth Floor
                                    Rochester, New York 14614
                                    (585) 263-6760

For Thomas Conolly:                 Donald M. Thompson, Esq.
                                    Easton, Thompson, Kasperek, Shiffrin, PLLC
                                    16 West Main Street, Suite 243
                                    Rochester, New York 14614
                                    (585) 423-8290

## INTRODUCTION

**Siragusa, J.** Now before the court in this civil forfeiture action are the following: the government's motion, filed on April 28, 2013, ECF No. 6, to strike the verified answer to the complaint filed on March 17, 2010, ECF No. 3, by the would-be claimant, Thomas Conolly ("Connolly"), and for entry of default judgment; Conolly's cross-motion, filed on May 18, 2013, ECF No. 8, for relief from the government's application.[1] As detailed below, the Court grants the government's motion to strike Conolly's answer, but denies, without prejudice, the government's motion for entry of a default judgment.

## BACKGROUND

On October 7, 2009, officers of the Irondequoit Police Department stopped Thomas Conolly and another man for suspected possession of marijuana. After finding reason to believe that Conolly was involved with a marijuana growing operation, search warrants were obtained for the residences of the two men. At Conolly's residence, members of the Greater Rochester Area Narcotics Enforcement Team ("GRANET") seized various drugs and drug-related paraphernalia. Additionally, from the master bedroom, the team seized bank statements in Conolly's name as well as $7,800 from a safe and $2,500 from a dresser. A search warrant, which was executed on October 9, 2009, for the bank account referenced in the seized statements, led to the seizure of $15,232.00. Both seizures of currency were executed pursuant to 18 U.S.C. § 881(a)(6) presumably as part of a joint effort between local and federal law enforcement members of GRANET.

---

[1] While Conolly has submitted what he captions as a cross-motion, it is really nothing more than a response opposing the government's motion to strike and for entry default judgment.

On November 12, 2009, the Drug Enforcement Administration ("DEA") issued a "Notice of Seizure" regarding the $10,300.00 seized from Conolly's residence. On November 30, 2009, the DEA issued a "Notice of Seizure" regarding the $15,232.00 seized from his bank account. On December 1, 2009, in response to the November 12th Notice of Seizure, Conolly submitted to the DEA a signed and sworn "Verified Claim of Ownership" claiming ownership of the $10,300.00. On December 15, 2009, in response to the November 30th Notice of Seizure, Conolly submitted to the DEA a signed and sworn "Verified Claim of Ownership" claiming ownership of the $15,232.00. On December 22, 2009, the DEA sent Conolly a letter confirming receipt of his claim for the $10,300.00 and indicating: "The claim has been accepted and this matter has been referred to the United States Attorney for the Civil Division in the [Western District of New York]. Please direct all inquiries regarding this matter to that office." On December 29, 2009, the DEA sent Conolly a letter confirming receipt of his claim for the $15,232.00, again indicating: "The claim has been accepted and this matter has been referred to the United States Attorney for the Civil Division in the [Western District of New York]. Please direct all inquiries regarding this matter to that office."

On March 2, 2010, the U.S. Attorney filed an *in rem* complaint with the Court initiating the subject judicial forfeiture proceedings. Paragraph 16 of the Complaint states:

> On or about December 4, 2009, and December 18, 2009, Conolly submitted a Claim, through his attorney, Don Thompson, Esq., to the Drug Enforcement Administration to halt the administrative forfeiture proceedings against the defendant currency in favor of judicial forfeiture proceedings. There were no other claims submitted.

The Complaint also stated that Conolly was "the person who may have an interest in the subject property." An arrest warrant in rem was issued on the complaint on March 2,

3

2010. Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government mailed a copy of the arrest warrant in rem and a "Direct Notice of Forfeiture Action" to Conolly that same day, giving him until April 7, 2010, to file a judicial claim. Rule G(5)(a)(ii)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In response, Conolly filed a signed and sworn "Verified Answer" to the government's complaint on March 17, 2010. He has not, however, filed "a claim in the court where the action is pending." Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

On April 28, 2010, the government filed the instant motion to strike and motion for default judgment stating, in substance, that it was entitled to the requested relief because Conolly had failed to file a timely claim of ownership of the defendant currency with this Court and, therefore, lacked standing to participate in the forfeiture proceedings. Since no one else had filed a claim, the government sought default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Conolly responded by filing the instant "Cross-Motion and Response," ECF No. 8, stating, in pertinent part:

> 9.      In its motion to strike Mr. Conolly's Answer the government apparently seeks to disclaim knowledge of Mr. Conolly's previously-acknowledged claims of ownership.
>
> 10.      If anything, the government received actual notice of Mr. Conolly's claims to the assets in question four months *earlier* than the deadline the government now relies on. The government cannot now disclaim knowledge of Mr. Conolly's documented interest in the property seized, nor can it demonstrate any prejudice that would warrant the drastic remedy it seeks – striking the Answer and forfeiture of the property by default – as a result of receiving actual notice of Mr. Conolly's claim prior to the date the government demanded it.

Connolly Cross-Motion ¶¶ 9—10, ECF No. 8.

The government was granted permission to file a reply to Conolly's cross-motion which it did on July 16, 2010, ECF No. 10. In its reply, the government denied that it was seeking to disclaim knowledge of Conolly's administrative claims. Rather, the government argued that it was entitled to favorable judgment on its motions because Conolly's administrative claims were insufficient to fulfill the requirements of filing a claim under Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as directed in the "Direct Notice of Forfeiture Action" and arrest warrant in rem, as well as in the cover letter that accompanied those two documents. On July 18, 2012, the Court received a letter from Conolly's attorney restating his position that the "government" had received, acknowledged, and accepted Conolly's claim four months earlier than required by the forfeiture rules. The letter also requested, in the event that the Court grants the government's motion to strike Conolly's answer, that Conolly be given an extension of time to file an appropriate claim under Supplemental Rule G and that his answer be stricken only if he fails to file a claim after receiving such an extension.

## STANDARDS OF LAW

### *Default Judgment*

Default judgment under Fed. R. Civ. P. 55(b) is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Unless an entry of default has first been obtained under Fed. R. Civ. P. 55(a), default judgment is inappropriate. *Smith v. Spitzer*, 2008 U.S. Dist. LEXIS 72577 (W.D.N.Y. Sept. 16, 2008).

***Civil Forfeiture Procedure***

Forfeitures instituted by the Drug Enforcement Administration are controlled by 28 C.F.R. § 8.1 *et seq.* that requires, *inter alia*, that an administrative proceeding be commenced with the listing of the property on a government forfeiture website for 30 days and the mailing of notice to known potential claimants. 28 C.F.R. § 8.9(a)(1)(ii). If no one comes forth to claim the property, it is considered abandoned and is declared forfeited. 28 C.F.R. § 8.12.[2] The administrative proceeding is only suspended when a claimant files a claim identifying the property and his or her interest in the property under penalty of perjury consistent with 28 U.S.C. § 1746 within 30 days of the last date notice was published. 28 C.F.R. § 8.10(a). Once a sufficient claim is received, the administrative proceeding is suspended and the matter is referred to the U.S. Attorney in the district to begin a *judicial* proceeding. 28 C.F.R. § 8.10(e).

Such judicial proceedings, on the other hand, are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Similarly, a judicial proceeding begins with the U.S. Attorney filing a complaint against the property, obtaining a warrant for its arrest, taking it into custody, and providing notice of its arrest through publication on a government forfeiture website for 30 days and by mailing notice to any known potential claimants. Supplemental Rule (G)(4). A claimant must then once again, under subsection (5), file a claim *with the court*, stating the same information required of the claim under the administrative proceeding, and serve the

---

[2] The property is often given to the law enforcement agency that seized it. U.S. Dep't. of Justice, Office of the Inspector Gen., Audit Div., Audit Report 12-40, Audit of the Drug Enforcement Administration's Adoptive Seizure Process and Status of Related Equitable Sharing Requests (Sept. 2012).

claim on the U.S. Attorney. Supplemental Rule (G)(5). The claimant then has standing to file an answer to the government's complaint within 21 days after filing the claim. *Id.* Subsequently, the proceeding moves forth with the claimant being granted standing to speak on behalf of the defendant property throughout the rest of the proceedings and trial. Supplemental Rule (G)(5)-(9).

## ANALYSIS

The question the Court must answer in resolving the pending motions is this: does actual notice to "the government" of Conolly's claim to the seized property, specifically the $10,300.00 and $15,232.00 in the administrative proceeding, suffice to satisfy the requirement of Supplemental Rule G(5), which states, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." In this case, Conolly has filed no judicial claim. He has repeatedly insisted that his *administrative* claim is sufficient to provide standing with the Court because it includes all of the information required by Supplemental Rule G(5) and was sworn before a notary.[3] In that regard, Conolly maintains that the government had actual notice since his administrative claim was filed four months in advance of the complaint filed with the Court, referring to both the Drug Enforcement Administration and the U.S. Attorney's office as one entity: "the government." The Court disagrees.

---

[3] The Court assumes for the purposes of this decision that the exact syntax used by Conolly is sufficient to meet the requirements of 28 U.S.C. § 1746, or at least the government would accept it as such, because the DEA accepted the claim as sufficiently meeting the "under penalty of perjury" requirement of 28 C.F.R. § 8 when it suspended the administrative proceeding and forwarded the matter to the U.S. Attorney.

Recently, in an analogous situation, the Honorable Michael A. Telesca of this Court observed in *United States v. $5,227.00 U.S. Currency*, No. 12-CV-6528, 2013 WL 2450733 (W.D.N.Y. Jun. 5, 2013):

> Claimants have not provided any reason for their failure to comply with the Supplemental Rules such that this Court could find excusable neglect and dispense with the procedural requirements. *See Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366–367 (2d Cir. 2003) ("the equities will rarely if ever favor a party who "fail[s] to follow the clear dictates of a court rule" and . . . where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose . . . ."). Further, **the Court does not find that the Plaintiff's actual notice of a possible claim is sufficient to dispense with the requirements of the Supplemental Rules**. *See In re City of Philadelphia Litigation,* 123 F.R.D. 515, 520 (E.D.Pa.1988) (holding that actual notice is not a substitute for adhering to the procedural requirements of the Federal Rules of Civil Procedure).

*Id.* at 2013 WL 2450733, *1 (emphasis added); *see also United States v. United States Currency in Amount of $2,857.00*, 754 F.2d 208, 212 (7th Cir. 1985) ("The legal effect of an administrative claim and cost bond is solely to stop the summary forfeiture proceeding and force the government to institute a judicial condemnation proceeding. An administrative claim does not give the claimant any rights in the judicial condemnation proceeding; it only insures that a judicial proceeding will take place before the property is forfeited.")

Here, Conolly did not file the requisite claim with this Court and has offered no basis for excusing his failure to do so. Accordingly, the government's motion to strike Conolly's answer is granted. However, the government has not complied with the requirements under Federal Rule of Civil Procedure 55. Therefore, the government's motion for a default judgment is denied without prejudice to renew.

**CONCLUSION**

Conolly did not have standing to file an answer to the government's complaint by virtue of having filed only an administrative claim. He failed to file a judicial claim by the deadline of April 7, 2010. Pursuant to Supplemental Rule G(8), his answer is hereby stricken. His cross-motion is also denied. The government's premature motion for default judgment is denied without prejudice to renew.

IT IS SO ORDERED.

Dated: October 17, 2013
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge