UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-

$10,300.00 UNITED STATES CURRENCY, AND THE MONIES AND CONTENTS OF ESL FEDERAL CREDIT UNION ACCOUNT #71705-13012 IN THE NAME OF THOMAS CONOLLY AND IN THE APPROXIMATE AMOUNT OF $15,232.00,

                Defendants.

DECISION AND ORDER

10-CV-6103-CJS

---

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Grace M. Carducci, Esq.<br>U.S. Attorney's Office<br>100 State Street<br>Room 620<br>Rochester, NY 14614<br>(585) 263-6760 |
| For Claimant: | Donald M. Thompson, Esq.<br>16 West Main Street<br>Suite 243<br>Rochester, NY 14614<br>(585) 423-8290 |

## INTRODUCTION

**Siragusa, J.** This forfeiture case is back before the Court on Claimant's motion, filed on December 27, 2013, ECF No. 20, seeking vacature of the Clerk's entry of default, ECF No. 19. For the reasons stated below, the motion is denied.

## FACTUAL BACKGROUND

This case has had a lengthy procedural history, beginning with the March 2, 2010, filing of a complaint against the Defendants. On October 17, 2013, the Court en-

tered a Decision and Order granting the government's motion to strike Claimant's answer on the ground that Claimant lacked standing. *United States v. $10,300 U.S. Currency*, No. 10-CV-6103-CJS, 2013 WL 5705083 (W.D.N.Y. Oct. 17, 2013). The Court based its decision on Claimant's failure to comply with Federal Rule of Civil Procedure, Supplemental Rule G(5). In reaching its determination, the Court rejected Claimant's argument that because the government had actual notice, he was not required to comply with Supplemental Rule G(5). The Court found that Claimant "did not file the requisite claim with this Court and has offered no basis for excusing his failure to do so." *Id*. at *4. Claimant's latest affidavit[1] seeks vacature of the Clerk's entry of default, but, to date, Claimant has not filed "a claim in the court where the action is pending." Supplemental Rule G(5)(a)(i). The government has filed papers opposing Claimant's motion.

## STANDARD OF LAW

Following an entry of default, the defaulting party may move to set aside the entry for "good cause." Fed. R. Civ. P. 55(c). Because the rules do not themselves define "good cause," the Second Circuit has established three factors for determining whether to relieve a party from default, or from a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). Other factors may also be considered, such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.* District courts have discretion in evaluating these factors, but defaults are generally disfavored and doubts should

---

[1] Claimant's failure to follow the clear dictates of W.D.N.Y. L.R. Civ. P. 7(a)(3) ("An affidavit must not contain legal arguments") is further evidence of Claimant's difficulty with following court rules.

be resolved in favor of a trial on the merits. *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir. 1987).

## ANALYSIS

Claimant has failed to show good cause to support his motion to vacate the Clerk's entry of default based upon his failure to comply with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(5). As this Court pointed out in its prior decision, Supplemental Rule G(5) is the means by which a claimant establishes statutory standing to challenge a forfeiture. Claimant has, for over four years, failed to comply with the simple requirements of that Rule. As the Second Circuit stated in *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003):

> We have noted that the equities will rarely if ever favor a party who "fail[s] to follow the clear dictates of a court rule" and held that where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield,* 127 F.3d at 250–51 (holding not clearly erroneous the district court's decision that a lawyer's failure to file motion papers within the time limit established by a local rule was not excusable neglect under Rule 60(b)); *accord United States v. Hooper,* 43 F.3d 26, 28–29 (2d Cir.1994) (per curiam) (" *Hooper II* ") (affirming denial of Rule 4(b) extension where delay resulted from legal assistant's ignorance of the rules); *Weinstock,* 16 F.3d at 503 (affirming denial of Rule 4(a)(5) extension where delay was due to a misunderstanding of the rules, even though the rule in question was "a 'trap' for the unsuspecting litigant" and had been amended for that reason prior to our decision).
>
> FN7. *See also Graphic Communications Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5–6 (1st Cir.2001) ("Although the *Pioneer* standard is more forgiving than the standard in our prior case law, there still must be a satisfactory explanation for the late filing.... [T]he four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a close[ ] case, the reason-for-delay factor will always be critical to the inquiry.") (citation, internal quotation marks and final ellipsis omitted).

*Silivanch*, 333 F.3d 355, 366–67 & n.7. The issue at the heart of this motion is Claimant's continued failure to "follow the clear dictates of a court rule." *Id.* Claimant casts his

failure to comply with Supplemental Rule G(5) as using "an improper procedural vehicle." Thompson Aff. ¶ 18.  However, such statement appears to be inconsistent with his previous position. Instead,  throughout the four years of this litigation, Claimaint has maintained that actual notice by the Drug Enforcement Administration was sufficient to comply with Supplemental Rule G(5) and establish standing. The Court rejected that argument in its October 2013 decision, yet Claimant has still not complied with Supplemental Rule G(5), evidently asserting, as he has all along, that actual notice is sufficient to give him standing in this *in rem* action. The precedent against that position is clearly explained in the Court's prior decision. Although "neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules," *Canfield v. Van Atta Buick/GMC Truck*, 127 F.3d 248, 250 (2d Cir. 1997), such is not the case here. Supplemental RuleG(5) is clear and no party has brought to the Court's attention a conflict between that Rule and another. Therefore, the Court determines that Claimant has failed to show that his default was not willful.

## CONCLUSION

Claimant's motion to vacate the default, ECF No. 20, is denied.

IT IS SO ORDERED.

Dated:   July 10, 2014
         Rochester, New York

                                           /s/ Charles J. Siragusa
                                           CHARLES J. SIRAGUSA
                                           United States District Judge