UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                Plaintiff,

                        -vs-

$10,300.00 UNITED STATES CURRENCY, AND
THE MONIES AND CONTENTS OF ESL FEDERAL    DECISION AND ORDER
CREDIT UNION ACCOUNT #71705-13012 IN THE
NAME OF THOMAS CONOLLY AND IN THE           10-CV-6103-CJS
APPROXIMATE AMOUNT OF $15,232.00,

                                                Defendants,

THOMAS CONOLLY,

                                                Claimant.

_____

## INTRODUCTION

**Siragusa, J.** This forfeiture case is before the Court following vacatur of the Court's prior judgment, [ECF No. 28](), which granted Defendants a default judgment. The Court has now received Claimant's Notice of Cross-Motion for an Order Denying the Government's Motion for Default Judgement and Order of Forfeiture and for an Order Vacating Default, filed on March 5, 2015, [ECF No. 30]().

This case has a lengthy procedural history beginning with the March 2, 2010, filing of a complaint against Defendants. On October 17, 2013, the Court entered a Decision and Order granting the government's motion to strike Claimant's answer on the ground that Claimant lacked standing. *United States v. $10,300 U.S. Currency*, No. 10-CV-6103-CJS, 2013 WL 5705083 (W.D.N.Y. Oct. 17, 2013). The Court based its decision on Claimant's failure to comply with Federal Rule of Civil Procedure,

Supplemental Rule G(5). In reaching its determination, the Court rejected Claimant's argument that because the government had actual notice, he was not required to comply with Supplemental Rule G(5). The Court found that Claimant "did not file the requisite claim with this Court and has offered no basis for excusing his failure to do so." *Id.* at *4. Claimant's latest affidavit seeks vacatur of the Clerk's entry of default, but, to date, Claimant has not filed "a claim in the court where the action is pending." Supplemental Rule G(5)(a)(i). The government has filed papers opposing Claimant's motion, ECF No. 33. Previously, Claimant appealed the Court's October 27, 2013, decision, and the Second Circuit dismissed the appeal. Mandate, Mar, 23, 2015, ECF No. 34. The Court notes that Claimant has still failed to establish his standing in this lawsuit.

Although Claimant has pleaded with the Court to address the merits of his claim, the Court cannot accept his pleadings without his having first established standing. A prerequisite for a claimant to be heard in a forfeiture action is to establish that he has standing. Claimant has failed to meet the requirement of Supplemental Rule G(5), and has, therefore, failed to establish his statutory standing to challenge this forfeiture. *United States v. $27,601.00 U.S. Currency*, 800 F. Supp. 2d 465, 467 (W.D.N.Y. 2011) ("Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be stricken for lack of statutory standing."). Before the Court can entertain Claimant's arguments on the merits, he must have standing. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) ("'Whether a claimant has standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *In re Gucci,* 126 F.3d 380, 387–88 (2d

Cir.1997) (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L.Ed.2d 343 (1975)), *cert. denied,* 520 U.S. 1196, 117 S. Ct. 1552, 137 L.Ed.2d 701 (1997).") Having failed to establish standing, the Court is not required to consider Claimant's arguments on the merits. As to considerations of judicial economy, Supplemental Rule G(5) achieves it by not requiring the Court to review the merits of the case when a claimant has not established standing.

Turning to the question of whether the Court should excuse a late filing if Claimant can show excusable neglect and a meritorious defense, the Court first notes that despite the passage of four and a half years since the commencement of this action, Claimant has not filed a judicial claim pursuant to the requirements of Supplemental Rule G(5). Even if the Court were to interpret his latest motion as the equivalent of filing a judicial claim, which it does not, the Court would not find excusable neglect. As the Second Circuit wrote in *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003):

> We have noted that the equities will rarely if ever favor a party who "fail[s] to follow the clear dictates of a court rule" and held that where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield,* 127 F.3d at 250–51 (holding not clearly erroneous the district court's decision that a lawyer's failure to file motion papers within the time limit established by a local rule was not excusable neglect under Rule 60(b)); *accord United States v. Hooper,* 43 F.3d 26, 28–29 (2d Cir.1994) (per curiam) (" *Hooper II*") (affirming denial of Rule 4(b) extension where delay resulted from legal assistant's ignorance of the rules); *Weinstock,* 16 F.3d at 503 (affirming denial of Rule 4(a)(5) extension where delay was due to a misunderstanding of the rules, even though the rule in question was "a 'trap' for the unsuspecting litigant" and had been amended for that reason prior to our decision).
>
> FN7. *See also Graphic Communications Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5–6 (1st Cir. 2001) ("Although the *Pioneer* standard is more forgiving than the standard in our prior case law, there still must be a satisfactory explanation for the late

...

> filing.... [T]he four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a close[ ] case, the reason-for-delay factor will always be critical to the inquiry.") (citation, internal quotation marks and final ellipsis omitted).

*Silivanch*, 333 F.3d at 366–67 & n.7. The issue at the heart of Claimant's motion is his continued failure to "follow the clear dictates of a court rule." *Id*. Claimant casts his failure to comply with Supplemental Rule G(5) as using "an improper procedural vehicle." Thompson Aff. ¶ 16, Nov. 2, 2013, ECF No. 14. However, such statement appears to be inconsistent with his previous position. Throughout the four years of this litigation, Claimant has maintained that actual notice by the Drug Enforcement Administration was sufficient to comply with Supplemental Rule G(5) and establish standing. Thompson Aff. ¶ 24, Nov. 2, 2013, ECF No. 14; Thompson Aff. ¶ 16, Mar. 5, 2015, ECF No. 30. The Court rejected that argument in its October 2013 decision, yet Claimant has still not complied with Supplemental Rule G(5), evidently asserting, as he has all along, that actual notice is sufficient to give him standing in this *in rem* action. The precedent against that position is clearly explained in the Court's prior decision. Although "neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules," *Canfield v. Van Atta Buick/GMC Truck*, 127 F.3d 248, 250 (2d Cir. 1997), such is not the case here. Supplemental Rule G(5) is clear and no party has brought to the Court's attention a conflict between that Rule and another. Therefore, the Court determines that Claimant has failed to show that his default was not willful.

Therefore, it is hereby

ORDERED, that the Government's motion for entry of a default judgement, ECF 27, is granted; and it is further

ORDERED, that the defendant $10,300.00 United States Currency, and the monies and contents of ESL Federal Credit Union account #71705-13012 in the name of Thomas Conolly and in the approximate amount of $15,232.00 United States Currency is to be forfeited to the United States of America pursuant to Title 21, United States Code, Section 881(6) and that the defendant currency shall be disposed of by the United States Marshals Service or any other authorized law enforcement officer according to law; and it is further

ORDERED, that any claims to the defendant currency are hereby forever barred; and it is further

ORDERED, that this action is closed.

Dated: September 28, 2015
      Rochester, New York     ENTER:

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        U.S. District Judge